Edward JURY, Petitioner–Appellant,

v.

Ana Marie OLIVAREZ, Attorney General of the State of California; James Gomez, CDC Director, Respondents–Appellees.

No. 98–55579.

D.C. No. CV–96–00868–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2000 **.

Decided May 7, 2001.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Jury's motion for oral argument.

Before WRIGHT, CHOY and FERGUSON, Circuit Judges.

## MEMORANDUM *

State Prisoner Edward Bruce Jury ("Jury") appeals pro se from the district court's denial of his petition for a writ of habeas corpus. He is currently serving a forty-year sentence for four counts of forcible lewd acts while using a weapon and causing great bodily injury. Cal. Pen. Code § 288(b). He claims on appeal that (1) the trial court should have granted his motion to withdraw his guilty plea because, at the time of his plea, anti-depressant medication had rendered him incompetent and that (2) he was denied due process when the court that sentenced him was different from the court that took his guilty plea. We affirm the district court and deny his habeas corpus petition.

## I. Certificate of Appealability

On appeal, Jury raises a number of issues that are beyond the scope of the certificate of appealability ("COA"). Namely, he argues that: (1) his due process rights were violated when the judge who sentenced him was different from the judge who took his plea; (2) the state court failed to advise him of his fundamental rights prior to the entry of his plea; (3) he was deprived of his right to "be mentally competent and the rights to have full knowledge, knowing, understanding, voluntarily and intelligently on all proceedings;" and (4) correctional officers violated his First Amendment rights by confiscating his legal papers.

Before a petitioner can appeal a dismissal of a petition for a writ of habeas corpus, a COA must issue. See Antiterrorism and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253(c)(1). The AEDPA governs Jury's right to appeal because he filed his appeal after the AEDPA's effective date. *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

This court limited the COA to Jury's claim "that he should have been allowed to withdraw his guilty plea because he was under the influence of antidepressant drugs when it was made." Therefore, we decline to consider any other issues that Jury raises on appeal.

II. Timeliness of Government's Briefs

 In his reply brief, Jury asks us to disregard the government's responding brief as untimely. He argues that the government filed its response to Jury's opening informal brief on September 29, 1998, although it was scheduled to be submitted by July 13, 1998. Although the government moved for an extension of time, Jury argues that that motion was also late.

This court has already resolved this issue. On August 16, 1999, we granted the government's motion for extension of time to file the answering brief, and ordered that the late briefs be filed. Under the law of the case doctrine, courts are generally precluded from reconsidering an issue previously decided by the same court in the identical case. *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir.2000). Thus, we will not revisit this issue.

III. Abuse of the Writ of Habeas Corpus

 Jury contends that he was incompetent when he entered his guilty plea. He raised essentially the same argument in an earlier habeas petition, which was denied on the merits.

In his first federal habeas corpus petition, Jury alleged that his conviction was unconstitutionally obtained and that the trial judge erred in not holding a competency hearing. In that petition, Jury stated, "At the plea hearing petitioner's mental disorder, drugged condition, suicide attempt, and confinement to rubber room and Psychiatric Care Unit were not brought to the judge's attention nor did the judge inquire into his sobriety of his mental condition." The district court in this first petition reached the merits of Jury's claim and held that the state trial court did not err in failing to order a competency hearing because "petitioner has failed to show that his demeanor before the trial court should have raised doubts as to his mental competency."

Rule 9(b) of the Rules Governing Habeas Corpus Proceedings limits review of successive petitions. It states that "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits ...." 28 U.S.C. § 2254 Rule 9(b); *McCleskey v. Zant,* 499 U.S. 467, 487, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Although this rule leaves room for judicial discretion to consider the claim, Jury has not satisfied the limited circumstances where this court exercises such discretion. Federal courts entertain such petitions "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). Jury makes no such showing on appeal. Jury merely argues that he did not adequately understand the consequences of his guilty plea, not that he was factually innocent of the underlying crimes.

Given that Jury has failed to demonstrate factual innocence, we decline to con-

sider the merits of this claim because it was reviewed in a prior petition.

PETITION DENIED.

